IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALEXANDER WHALEY, on behalf of himself and all similarly situated employees, | : : : : : | CIVIL ACTION<br><br>No.:<br>Hon. |
| Plaintiffs, | : | |
| v. | : : | |
| ALL-WEATHER SEAL OF WEST MICHIGAN, INC.<br>A Michigan Domestic Profit Corporation, | : : : : : : | |
| Defendant. | : : | |

## COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff, Alexander Whaley, through his undersigned attorneys, and for his Collective Action Complaint against Defendant All-Weather Seal of West Michigan, Inc., states as follows:

## INTRODUCTION

1. This is a collective action brought by Plaintiff Whaley on behalf of himself and all similarly situated current and former employees (collectively "Plaintiffs") to recover damages for Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and its attendant rules and regulations.

2. Defendant willfully violated the FLSA by knowingly suffering or permitting Plaintiffs to work in excess of 40 hours per week without paying overtime compensation at a rate of 1.5 times the regular rate.

3. Defendant knew or should have known that Plaintiffs were not exempt under the FLSA and that their employees must be paid at a premium overtime pay rate of not less than 1.5 times the regular rate of pay for all hours worked in excess of forty (40) per week.

4. Plaintiffs seek a declaration that their rights were violated, and a judgment awarding unpaid back wages, liquidated damages, and attorneys' fees and costs to make them whole for damages they suffered, and to help ensure Defendant will not subject workers to the same unlawful conduct in the future.

5. Plaintiff Whaley brings this action on behalf of himself and all similarly situated current and former employees who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendant's violations of the FLSA.

6. At the earliest time possible, Plaintiffs will move the Court to authorize a proposed notice of this action pursuant to 29 U.S.C. § 216(b) to all similarly situated employees who worked for Defendant during the past three years.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over Plaintiffs' FLSA claims, pursuant to 28 U.S.C. § 1331, because Plaintiffs' claims raise a federal question

under 29 U.S.C. § 201, *et seq.*

8. This Court has jurisdiction over this FLSA collective action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

9. Defendant's annual sales exceed $500,000 and Defendant employs more than two persons, so the FLSA applies in this case on an enterprise basis. Defendant and Defendant's employees engage in interstate commerce; therefore, they are also covered by the FLSA on an individual basis.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant maintains its registered office and principal place of business in this District, and because a substantial portion of the events that give rise to Plaintiffs' claims occurred in this District.

## **PARTIES**

11. Plaintiff, Alexander Whaley, is a resident of Grand Rapids, Michigan, and previously worked for Defendant as a piecework Installer, as a Service Technician, and as a Project Manager. Plaintiff Whaley's Consent to Join form is attached hereto as ***Exhibit A***.

12. Additional Opt-In Plaintiffs were or are employed by Defendant in the Installer and/or Service Technician position during the past three years and their consent forms will also be filed in this case.

13. Defendant All-Weather Seal of West Michigan, Inc. ("All-Weather Seal") is a Michigan domestic profit corporation.

14. All-Weather Seal has its registered agent listed as Scott McDowell and its registered office address listed as 319 E. Main Street, Lowell, MI 49331.

## GENERAL ALLEGATIONS

15. All-Weather Seal provides services related to home improvement, remodeling, and renovation.

16. On or about June 2019, Plaintiff Whaley began his employment with All-Weather Seal as an Installer.

17. As an Installer, Plaintiff Whaley was responsible for completing various home improvement, remodeling, and renovation services and installations on behalf of All-Weather Seal.

18. Specifically, Plaintiff Whaley was responsible for performing services related to installation of siding, windows, doors, and more on behalf of All-Weather Seal.

19. As an Installer, Plaintiff Whaley was paid according to a predetermined fee structure, on a piecework basis, which included various prices in accordance with the installations to be performed and the distance to be traveled.

20. As an Installer, Plaintiff Whaley was required to complete services in conformity with time constraints set by All-Weather Seal and to perform them within

4

standards set by All-Weather Seal.

21. As an Installer, Plaintiff Whaley was also required to communicate with All-Weather's Seal customers, was required to arrive no later than 7:30 a.m. every morning to work, and was required to turn in necessary paperwork to All-Weather Seal each day.

22. As an Installer, All-Weather Seal controlled most or all aspects of Plaintiff Whaley's work.

23. As an Installer, Plaintiff Whaley was economically dependent on All-Weather Seal.

24. As an Installer, All-Weather Seal issued to Plaintiff Whaley an IRS Form 1099 for his work performed in 2019.

25. Beginning September 30, 2019, Plaintiff Whaley transitioned to the position of Service Technician with All-Weather Seal.

26. As a Service Technician, Plaintiff Whaley was responsible for maintaining quality control over various projects.

27. All-Weather Seal maintained the ability to issue "write-ups" to Plaintiff Whaley in the event that he failed to comply with any of the prescribed responsibilities and duties.

28. After a third "write-up," All-Weather Seal maintained the right to reduce Plaintiff Whaley's pay by $100.00, and a result All-Weather Seal maintained

5

the ability to reduce Plaintiff Whaley's salary because of variations in the quality or quantity of work performed.

29. As a Service Technician, Plaintiff Whaley was provided with a company truck and his gas and maintenance expenses were paid by All-Weather Seal.

30. As a Service Technician, Plaintiff Whaley was paid a salary of $750.00/week, in addition to non-discretionary bonuses for placing yard signs, collecting cash on delivery, acquiring online reviews, and for sales commissions.

31. As a Service Technician, Plaintiff Whaley was typically scheduled to work until 3:30 p.m. but All-Weather Seal often asked him to work longer or "until the job was done." As a result, All-Weather Seal often scheduled Plaintiff Whaley for his last service job at 3:00 p.m. but knowingly permitted him to work past 3:30 p.m. and until as late as 7:00 p.m. without additional pay.

32. As a Service Technician, All-Weather Seal provided Plaintiff Whaley with an IRS Form W-2 for his work performed in 2019 and in 2020.

33. In February 2020, Plaintiff Whaley transitioned from a Service Technician to a Project Manager with All-Weather Seal.

34. As a Project Manager, Plaintiff Whaley was responsible for overseeing various home improvement, remodeling, and renovation services and installations, including supervising Service Technicians and Installers, conducting payroll,

ordering materials, arranging schedules, and drafting documents on behalf of All-Weather Seal.

35. Installers, Service Technicians, and Project Managers were all required to show up for work at 7:30 a.m., required to adhere to the pre-arranged schedule created by All-Weather Seal, and required to wear All-Weather Seal shirts as a uniform.

36. As a Project Manager, Plaintiff Whaley was responsible for supplying his own truck, tools, and fuel.

37. As a Project Manager, All-Weather Seal provided an IRS Form W-2 to Plaintiff Whaley for the work he performed in 2020.

38. Plaintiff Whaley, along with other Installers, Service Technicians, and Project Managers, was provided a letter dated March 24, 2020, indicating that they were current and essential employees for purposes of the COVID-19 Stay Home, Stay Safe Order.

39. Plaintiff Whaley was terminated from All-Weather Seal in May 2020.

40. Plaintiff Whaley, and those similarly situated, often worked in excess of 40 hours a week as Installers.

41. When Plaintiff Whaley was an Installer and Service Technician, All-Weather Seal did not pay overtime wages to him or its other Installer and Service Technician employees at the appropriate premium of 1.5 times their regular rate of

pay. This failure occurred despite All-Weather Seal requiring these employees to adhere to pre-determined schedules that called for work in excess of 40 hours/week in a seven-day workweek.

42. While All-Weather Seal classified Installers as "independent contractors," they were hired and paid by All-Weather Seal, they were directed in how to perform their services by All-Weather Seal, and they were required to report directly to All-Weather Seal in the various aspects of their job responsibilities and duties.

43. While All-Weather Seal classified Installers as "independent contractors," the nature of the services they performed, and the manner in which they performed these services, make it clear that they were actually employees.

44. All-Weather Seal's systemic practice of misclassification under the FLSA resulted in its employees not being paid for all time worked and for all of their overtime in violation of the FLSA.

45. As non-exempt employees, Plaintiff Whaley and the other All-Weather Seal employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

46. Under FLSA, the regular rate is the "keystone" to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal,

nonovertime workweek for which he is employed." 29 C.F.R. §778.108.

47. No matter how an employee is paid—whether by the hour, by the piece, on a commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

48. All-Weather Seal's payment structures, including but not limited to piecework compensation, do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

49. There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. Employers carry the burden to establish that any payment should be excluded. *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000). Thus, determining the regular rate starts from the premise that all payments made to Plaintiffs for work performed are included in the base calculation unless specifically excluded by statute.

50. Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425

9

(1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

51. All-Weather Seal failed to incorporate its employees' total remuneration into the regular hourly rate calculation, resulting in *prima facie* violations of the FLSA, and altogether failed to pay any overtime wages to its non-exempt employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

52. At all times relevant to this Complaint, All-Weather Seal employed Plaintiffs as non-union, piecework employees.

53. All-Weather Seal failed to pay its Installer and Service Technician employees for all hours worked in excess of 40 per week, and also failed to pay overtime at 1.5 times their regular rate of pay.

54. At all times relevant to this Complaint, Plaintiffs were not exempt from the FLSA.

55. Accordingly, Plaintiff Whaley brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> *All current and former Installers and/or Service Technicians who worked for All-Weather Seal of West Michigan, Inc. at any time during the past three years.*

(referred to herein as the "Collective" or "Plaintiffs").  Plaintiffs reserve the right to amend this definition if necessary.

56. Excluded from the proposed Collective are All-Weather Seal's "white collar" exempt employees, if any, including executives, administrative, and professional employees, computer professionals, and outside sales persons.  Also excluded from the proposed Collective are any hourly union employees.

57. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff Whaley under 29 U.S.C. § 216(b).  The employees on behalf of whom Plaintiff Whaley brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims turn on the same or similar factual and legal theories.

58. The employment relationships between All-Weather Seal and every Collective member are the same and differ only in name and rate of pay. The key issues – a policy and practice of failing to pay for all hours worked at the required overtime premium – does not vary from employee to employee.

59. The key legal issues are also the same for every Collective member, to wit: whether the Collective members were paid the required overtime wages due under the FLSA for all hours worked in excess of 40 per week.

60. Plaintiffs estimate that the Collective, including both current and former employees over the relevant period, will include well over a dozen individuals. The precise number of individuals should be readily available from a review of All-Weather Seal's personnel and payroll records.

61. All-Weather Seal willfully engaged in a pattern of violating the FLSA, as described in this Complaint by suffering or permitting Plaintiffs to work in excess of 40 hours per week without paying the required overtime premium.

62. All-Weather Seal had express knowledge of the violations alleged herein and failed to resolve them.

63. All-Weather Seal's conduct constitutes a willful violation of FLSA within the meaning of 29 U.S.C. § 255(a).

64. The proposed Collective should be promptly notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

65. Unless the Court promptly authorizes such a notice to the proposed Collective, the members of which were unlawfully deprived of overtime pay under the FLSA, the statute of limitations may prevent them from securing unpaid overtime compensation to which they are entitled, and which has been unlawfully withheld from them by All-Weather Seal.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*, FAILURE TO PAY OVERTIME

66. Plaintiffs repeat and re-allege the preceding paragraphs as if fully stated herein.

67. At all times relevant to this Complaint, All-Weather Seal was an "employer" under the FLSA, 29 U.S.C. § 203(d).

68. At all times relevant to this Complaint, Plaintiffs were "employees" of All-Weather Seal within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

69. At all times relevant to this Complaint, All-Weather Seal "suffered or permitted" Plaintiffs to work and thus "employed" them within the meaning of the FLSA, 29 U.S.C. § 203(g).

70. Plaintiffs either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

71. At all times relevant to this Complaint, Plaintiffs were not exempt from the FLSA.

72. The FLSA requires an employer to pay non-exempt employees the federally mandated overtime premium rate of 1.5 times their regular rate of pay for every hour worked in excess of 40 hours per workweek. 29 U.S.C. § 207.

73. Plaintiffs regularly worked over 40 hours per week while employed by

All-Weather Seal.

74. The work performed by Plaintiffs was an integral and indispensable part of their jobs and these activities and the time associated with these activities is not *de minimis*.

75. All-Weather Seal violated the FLSA by failing to pay Plaintiffs overtime compensation, at the rate of 1.5 times their regular hourly rate, for all hours worked in excess of 40 per workweek.

76. All-Weather Seal's violations of the FLSA were willful, with knowledge or reckless disregard of the statutory overtime requirements, as demonstrated by their failure to pay Plaintiffs the proper overtime premium for all hours worked in excess of 40 per week.

77. By failing to include all remuneration into the regular rate calculation, All-Weather Seal failed to compensate its employees properly under the FLSA.

78. As a result of the foregoing, Plaintiffs were injured and seek appropriate relief against All-Weather Seal including back pay, liquidated damages, reasonable attorneys' fees and costs, and all other relief just and appropriate under the circumstances.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Whaley, on behalf of himself and all others similarly situated, requests an order for relief as follows:

a. Conditionally certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA overtime claims set forth herein;

b. Ordering All-Weather Seal to disclose in computer format, or in print if no computer readable format is available, the names, addresses, and email addresses of all similarly situated individuals, and authorizing Plaintiffs to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the them of their rights by law to join and participate in this lawsuit;

c. Designating Plaintiff Alexander Whaley as the representative of the FLSA collective action and undersigned counsel as counsel for the FLSA collective;

d. Finding All-Weather Seal's FLSA violations were willful;

e. Granting judgment in favor of Plaintiffs and against All-Weather Seal and awarding Plaintiffs and the Collective members the full amount of damages and liquidated damages available by law;

f. Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action as required by statute; and

g. Awarding such other and further relief as this Court deems appropriate.

Date: April 8, 2021               Respectfully Submitted,

*/s/ Jesse L. Young*
Jesse L. Young (P72614)
KREIS ENDERLE, P.C.
8225 Moorsbridge, P.O. Box. 4010
Kalamazoo, Michigan 49003-4010
(269) 324-3000 (Tel.)
jyoung@kehb.com

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
251 North Rose Street
Suite 200, PMB № 288
Kalamazoo, MI 49007-3860
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

*Attorneys for Plaintiffs*