## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

———————————

ALEXANDER WHALEY, on behalf of
himself and all others similarly situated,

               Plaintiffs,                             Case No. 1:21-cv-00302

v.                                            Hon. Paul L. Maloney

ALL-WEATHER SEAL OF WEST
MICHIGAN, INC., a Michigan
Domestic Profit Corporation,

               Defendant.

---

## MEMORANDUM IN SUPPORT OF JOINT MOTION FOR
## APPROVAL OF FLSA SETTLEMENT AND TO DISMISS CASE WITH PREJUDICE

On June 20, 2021, the parties reached a settlement resolving all claims in the Complaint, arising from Plaintiff Alexander Whaley's employment with Defendant, All-Weather Seal of West Michigan, Inc. As a general rule, "[s]ettlement of employees' claims under the FLSA must be approved by either the Secretary of Labor or a district court." *Cruz v. Don Pancho Mkt., LLC*, 2016 U.S. Dist. LEXIS 115699, *5 (W.D. Mich. Aug. 23, 2016) (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The parties' Settlement Agreement is attached hereto as **Exhibit 1**.

"The proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Snook v. Valley Ob-Gyn Clinic, P.C.*, 2015 U.S. Dist. LEXIS 2989, 2-3 (E.D. Mich. Jan. 12, 2015) (*citing Lynn's Food*, 679 F.2d 1352-53). "If a settlement in an employee FLSA suit reflects 'a reasonable compromise

over issues,' such as FLSA coverage or computation of back wages that are 'actually in dispute,' the court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'" *Id.* (*citing Lynn's Food*, 679 F.2d at 1354).

To determine whether a proposed FLSA settlement is fair and reasonable, courts consider: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement. *Id.* (*citing Lynn's Food Stores*, 679 F.2d at 1352-53 (*citing Int'l Union, United Auto., Aerospace and Agr. Implement Workers of Am. v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)); *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)). A district court may choose to consider only the factors that are relevant to the settlement at hand. *Id*.

### 1.    THE ABSENCE OF FRAUD OR COLLUSION IN THE SETTLEMENT

Plaintiff alleged that Defendant violated the FLSA because it failed to pay Plaintiff a premium rate for hours worked over 40 in a workweek. There was no fraud or collusion in this settlement.  The settlement will provide Plaintiff with approximately 90% of his alleged unpaid overtime wages, plus liquidated damages, and attorneys' fees and costs, and will eliminate the risks and costs both sides would bear if this litigation continued.  In agreeing upon the proposed settlement, the parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion as to the relative strengths and weaknesses of Plaintiff's claim.

2.    **COMPLEXITY, EXPENSE, AND LIKELY DURATION OF THE LITIGATION**

The complexity, expense, and length of continued litigation militate in favor of this settlement.  Plaintiff's claim is not complex; however, the expense and length of a possible trial over an overtime claim are not in the parties' best interests.  Should this matter continue, the parties will complete discovery and possibly proceed to a trial.  If Plaintiff ultimately prevailed at trial, Defendant would be faced with the prospect of a verdict against it and the obligation to pay Plaintiff's attorneys' fees and costs.  If Defendant ultimately prevailed, Plaintiff faced dismissal of his claim and no recovery.  The parties agree that either outcome was at least possible in this litigation.  For these reasons, this settlement is a reasonable means for the parties to minimize future risks and litigation costs.

3.    **AMOUNT OF DISCOVERY ENGAGED IN BY THE PARTIES**

As discussed above, the parties engaged in an informal exchange of documents.  The Parties reviewed this information, shared it with their respective clients, had discussions about it, and ultimately used it to evaluate the merits of their respective claims and defenses.  Based upon these records, Plaintiff created a damage model, which was shared with Defendant. The settlement here is based on Plaintiffs' calculation of his claimed overtime damages.

4.    **THE LIKELIHOOD OF SUCCESS ON THE MERITS**

The likelihood of success on the merits of Plaintiff's claim, and the amount he would be awarded, is uncertain, further suggesting that this settlement is fair and appropriate.  Plaintiff asserts, and Defendant denies, that he is owed lost wages due to Defendant's pay practices; however, there are incomplete time records in this case and the fact finder would have to weigh the credibility of each party's testimony.  The range of possible recovery by Plaintiff, if any, is open to dispute.  Even if Plaintiff succeeded on the merits of his claim, which would require

substantial additional time and an exercise of resources by both parties, the specific amount of his

recovery, if any, is uncertain.  Thus, this proposed settlement is a fair and reasonable settlement in

relation to the potential risks and recovery in this case.

### 5.    THE OPINIONS OF CLASS COUNSEL AND THE CLASS REPRESENTATIVES

No class has been certified in this case, conditionally or otherwise. Plaintiff and his counsel

are of the opinion that this proposed settlement is a fair and reasonable compromise of the disputed

issues surrounding Plaintiff's individual claims, which are the only claims in controversy.

### 6.    THE REACTION OF ABSENT CLASS MEMBERS

There are no "absent class members" in FLSA collective actions. Further, the case settled

before Plaintiff's motion for conditional certification was briefed or decided.  No one is bound by

this proposed settlement except the named parties.

### 7.    THE PUBLIC INTEREST

"[T]here is a strong public interest in encouraging settlement of complex litigation and

class action suits because they are 'notoriously difficult and unpredictable' and settlement

conserves judicial resources."  *In re Cardizem CD Antitrust Litig*., 218 F.R.D. 508, 530 (E.D.

Mich. 2003) (quoting *Granada Invs., Inc.*, 962 F.2d at 1205). Thus, the public interest is served

by early resolution of this case.

### THE COURT SHOULD APPROVE PLAINTIFF'S NEGOTIATED ATTORNEYS' FEES AND COSTS

Section 216(b) of the FLSA provides that "[t]he court in such action shall, in addition to

any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by

the defendant, and costs of the action."  29 U.S.C. § 216(b).  An award of attorneys' fees to a

prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994).

Here, Plaintiff's counsel's attorneys' fees and costs are reasonable given the legal theories presented in the case and the amount of resources expended to investigate, research, analyze, and prevail on Plaintiff's overtime claims.   Specifically, Plaintiff's counsel spent a significant amount of time investigating the potential claims, drafting pleadings, engaging in document review, creating a damage model, participating in meetings with AWS's counsel, researching case law, negotiating the settlement agreement, and filing the instant motion.  These activities are necessarily time consuming.  *See* Young Declaration, attached as **Exhibit 2**; Wilkinson Declaration, attached as **Exhibit 3**.

Plaintiff submits that his attorneys' fees and costs are more than reasonable and should be approved.  AWS takes no position on Plaintiff's request for attorneys' fees and costs that are included as part of the negotiated settlement.

## CONCLUSION

WHEREFORE, Plaintiff and Defendant respectfully move this Court for entry of the proposed Order (**Exhibit 4**) granting this motion, approving the settlement of this matter, and dismissing the case with prejudice.

Dated:  July 22, 2021                                           Respectfully submitted,

*/s/Jesse L. Young*                                             */s/Ian A. Northon*
Jesse L. Young (P72614)                              Ian A. Northon (P65082)
Kreis, Enderle, Hudgins & Borsos, P.C.       Rhoades McKee, P.C.
8225 Moorsbridge, PO Box 4010                55 Campau Avenue, NW, Suite 300
Kalamazoo, Michigan 49003-4010               Grand Rapids, MI 49503
(269) 321-2311                                               (616) 235-3500
jyoung@kreisenderle.com                            inorthon@rhoadesmckee.com

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
Attorneys for Plaintiffs
5955 West Main Street
Kalamazoo, MI 49009
(269) 978-2474
mark@paladinemploymentlaw.com

*Counsel for Plaintiff*                    *Counsel for Defendant*